testimony of her sister, the defendant's admissions and the medical testimony, all establishing that the defendant had committed the crime of rape in the first degree *(People v Fuller,* 50 NY2d 628, 638-639). Thus, there was no reasonable possibility that the wrongfully admitted mattress cover contributed to the conviction *(People v Almestica,* 42 NY2d 222). The other contentions of the defendant, i.e., that the prosecution had not proven that he waived his *Miranda* rights; that the trial court abused its discretion in permitting the child victim to testify unsworn; that the court erred in not charging sexual abuse in the first degree as a lesser included offense, have all been considered and found meritless. The defendant's *pro se* claim that his oral admissions should have been suppressed because they violated the holding in *People v Samuels* (49 NY2d 218) is not supported by the record. The judgment of conviction should, therefore, be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.

■ In the Matter of STEPHEN SOLOMON, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review a determination of the Commissioner of Education, which suspended petitioner's license to practice podiatry for a period of three months and imposed a fine of $1,000. Petitioner's contention that the penalty imposed is disproportionate to the offense and shocking to one's sense of fairness is without merit (see *Matter of Foreman v Board of Regents of Univ. of State of N. Y.,* 75 AD2d 953, mot for lv to app den 51 NY2d 704). We have examined petitioner's other contentions and find them to be unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.

■ In the Matter of CHARLES YASMER, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. —Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law) to review a determination of the Commissioner of Education, which suspended petitioner's license to practice podiatry for a period of three months and imposed a fine of $1,000. Petitioner's contention that the penalty imposed is disproportionate to the offense and shocking to one's sense of fairness is without merit (see *Matter of Foreman v Board of Regents of Univ. of State of N. Y.,* 75 AD2d 953, mot for lv to app den 51 NY2d 704). We have examined petitioner's other contentions and find them to be unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.

■ GILBERT DIEMER et al., Respondents, v EDNA E. GOAD, Appellant.— Appeal from a judgment of the Supreme Court, entered March 27, 1979 in Schenectady County, upon a verdict rendered at a Trial Term, in favor of plaintiff. On June 26, 1972, plaintiff, Helen Diemer, a passenger in a pickup truck, sustained physical injuries when the vehicle left the traveled portion of the highway and struck a building. The driver was deceased when removed from the vehicle. Later on the day of the accident an autopsy was performed and it found that the driver died from a heart attack. The record establishes that the accident either was caused by the driver's negligence or by a fatal heart attack as there is no other explanation for the initial loss of control of the vehicle. The plaintiff, Helen Diemer, testified as the sole eyewitness to the accident and upon her version that the decedent simply drove from the highway and caused her injuries, she established a prima